## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOCAL UNION NO. 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, ET AL.,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **NO.  08-3731** |
| **v.** | : | |
| | : | |
| **EASTERN ELECTRIC CORP. OF NEW JERSEY, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### MEMORANDUM

**Tucker, J.**                                                                    **September ___, 2009**

Presently before this Court is Defendants' Motion to Vacate Default Judgment (Doc. 15), and Plaintiff's Response thereto (Doc. 16).  For the reasons stated below, the Court will deny Defendants' Motion.

### FACTUAL BACKGROUND

Plaintiffs bring this action as a result of Defendants' alleged failure to remit applicable contributions and withholdings payable to Plaintiffs pursuant to a collective bargaining agreement. Plaintiffs consist of both multi-employer benefit and pension funds established pursuant to various federal statutes, and trustees of these funds authorized to initiate this action.  Defendant Eastern Electric Corporation of New Jersey ("Eastern Electric") is a limited liability company for profit engaged in providing electrical services to the public, and the remaining Defendants served as Presidents for this entity during the relevant time period.

Defendant Eastern Electric is a party to the multi-employer Commercial Agreement between Plaintiffs and the Philadelphia Division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association.  Pursuant to the Commercial Agreement, participating employers, such as Eastern Electric,

are required to make a variety of monthly payments to Plaintiffs and contributions to the various multi-employer benefit funds.  Plaintiffs allege that Defendants were responsible for ensuring that the contributions were disbursed, and that Defendants failed to remit contributions pursuant to the Commercial Agreement.

Plaintiffs now seek past due contributions, penalties, and interest due to the various multi-employer benefit funds, as well as costs and reasonable attorney's fees incurred.

**PROCEDURAL BACKGROUND**

On August 7, 2008, Plaintiffs initiated this action with the filing of a complaint in the United States District Court for the Eastern District of Pennsylvania.  The summons and complaint were also served on Defendants on August 7, 2008.  Defendants did not file an answer to the complaint between the months of August 2008 and January 2009.  In response to an order to status issued by this Court on February 6, 2009, Plaintiffs served Defendants with a waiver of service of service of process on February 12, 2009, rendering April 13, 2009 the deadline for the filing of an answer.

On April 22, 2009, Defendants had not filed an answer to Plaintiffs' complaint.  This Court sent a letter to Plaintiffs advising that a Motion for Default Judgment be filed on or before May 8, 2009. Between the months of April 2009 and August 2009, Defendants failed to file an answer to Plaintiffs' complaint.

On August 3, 2009, Plaintiffs filed a Motion for Default Judgment.  This Court granted Plaintiffs' Motion on August 5, 2009, and scheduled a hearing to assess damages for September 24, 2009.  Defendants then filed their first responsive document, an Opposition to Plaintiffs' Motion for Default Judgment, on August 5, 2009.  Defendants also filed a Motion for Reconsideration of the Order Entering Default Judgment on August 14, 2009.  This Court denied Defendants' Motion on August 18, 2009.  Defendants responded with a Motion to Vacate Default Judgment on September 9, 2009.

## **LEGAL STANDARD**

Fed. R. Civ. P. 55(c) provides that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).  Rule 60(b) states in pertinent part that "on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

It is well established that the decision to set aside a default judgment is addressed to the sound discretion of the court, and should not be disturbed on review unless the district court has abused its discretion.  *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).  The United States Court of Appeals for the Third Circuit has articulated three factors that a district court must consider when deciding whether to vacate a default judgment.  Under the standard, the district court must determine whether (1) the plaintiff will be thereby prejudiced; (2) the defendant has a meritorious defense, and (3) the default was the result of defendant's culpable conduct.  *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988).  The second prong of this standard is considered a threshold issue, however, defendants are not entitled to have a default judgment automatically set aside upon allegations of a meritorious defense.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see also Harad*, 839 F.2d at 982.  Instead, defendants must demonstrate with some specificity the grounds for the defense, at which point the district court will examine the substance of the defense to determine whether it is meritorious.  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 522 (3d Cir. Pa. 2006).

**DISCUSSION**

Defendants seek relief from this Court's entry of default judgment on the grounds that Plaintiffs will not be prejudiced, that Defendants can assert meritorious defenses, and that the default was not the result of Defendant's culpable conduct. In response, Plaintiffs argue that Defendant has not asserted any meritorious defenses and that Defendant's conduct is in fact culpable.

A claim or defense is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense. *Poulis v. State Farm and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). It is sufficient that the proffered defense is not facially unmeritorious. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). In the present case, Defendants claim that they can assert meritorious defenses, yet Plaintiffs contend that Defendants do not set forth defenses establishing that Defendants were not bound by the provisions of the Commercial Agreement or that Defendants were not delinquent in the required contributions to the funds in question. This Court finds Plaintiffs' arguments persuasive, as Defendants have not established with any specificity the grounds for their defense. Nevertheless, even taking Defendants' position that they can assert meritorious defenses as true, the issue of culpable conduct remains.

Culpable conduct is dilatory behavior that is willful or in bad faith. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983). Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated. *Hritz*, 732 F.2d at 1178. Willfulness and bad faith include acts intentionally designed to avoid compliance with court notices and reckless disregard for repeated communications from plaintiffs and the court. *Id.* at 1183.

Defendants argue that they have not engaged in any misconduct that was willful, and have not ignored repeated communications from Plaintiffs or the Court. In support of their position, Defendants rely on their execution of waivers of service of process, and vigorous opposition to the entry of default judgment in this matter. However, Defendants' analysis and approach are misguided.

4

The lack of response by Defendants from August 2008 through August 2009 is undoubtedly more than mere negligence, it is egregious. Fed. R. Civ. P. 1 establishes that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Towards that end, the rules set forth very specific parameters regarding the time constraints for the filing of an action and any responsive pleadings. Rule 12(a) provides that a defendant must serve an answer within twenty (20) days of being served with the summons and complaint or if it has timely waived service under Rule 4(d), within sixty (60) days after the request for waiver was sent. A timely response by Defendants in this matter should have been filed on or before August 27, 2008. Defendant did not submit any responsive pleading during the months of August 2008 through January 2009. Once served with a waiver of service of process in February 2009, Defendants did execute and return the waivers to Plaintiffs. Yet, the waivers required Defendants to file a responsive pleading by April 13, 2009, and Defendants failed to do so. Additionally, by Defendants' own admission, Defendants failed to respond to a letter from Plaintiffs sent on March 23, 2009. Defendants then failed to submit any responsive pleading in the subsequent months, but conveniently filed a prompt opposition to the entry of default judgment in this matter, almost exactly one year after the filing of the complaint.

Defendants have not presented any evidence that the circumstances surrounding their failure to respond are those contemplated by Rule 60(b), namely "mistake, inadvertence, surprise, or excusable neglect." Defendants rely upon Rule 60(b) to argue that this Court may set aside the default judgment but in doing so, ignore other rules regarding time to answer a pleading that apply with equal force. Defendants may not pick and choose which rules they will follow. While Defendants may not characterize their conduct as willful or reckless disregard, this Court finds that Defendants' failure to respond to a complaint over the course of one year is blatant or, at a minimum, reckless disregard of the rules.

To date, Defendants have not provided any reasons or excuses for their egregious untimeliness,

5

nor did Defendants ever seek an extension of time to file a responsive pleading from the Court. Defendants highlight their execution of waivers of service of process as an example of their intent to respond to the complaint, however, they fail to note that for months after executing these waivers, they failed to fulfill their obligations under the rules.  Defendants argue that they always intended to answer the complaint and that their actions never indicated otherwise.  Yet, Defendants are mistaken, since their dilatory behavior, failure to request any extensions, and failure to explain their untimeliness demonstrate nothing other than an attempt to delay or avoid filing responsive pleadings.

Defendants also insist that justice will only be served if they are permitted the opportunity to defend against these charges.  However, Defendants overlook the fact that the rules did afford them the opportunity to respond to Plaintiffs allegations, specifically, from August 8, 2008 through August 27, 2008.  Defendants were then afforded a subsequent opportunity to respond to the complaint by April 13, 2009, after the execution of waivers, but again failed to do so.  Essentially, Defendants arguably had nearly one year within which to file a responsive pleading, which provided them with ample opportunities to defend against Plaintiffs' allegations.  They may not now argue that the entry of default judgment thwarts their opportunity to defend themselves.  Therefore, this Court will deny Defendants' Motion.